IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PATRICK JAMES HOWARD | § | |
| v. | § | CIVIL ACTION NO. 9:12cv24 |
| CODY GENSIL, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Patrick Howard, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On April 13, 2012, Howard was ordered to pay an initial partial filing fee of $6.66, pursuant to 28 U.S.C. §1915(b). He filed a motion for extension of time in which to comply, which was granted until July 31, 2012. On July 16, 2012, Howard filed a response to this order, in which he says that he did not file the request for an extension of time and that he cannot pay the fee because he has no reliable income from the outside, and when he does receive money it is no more than $20.00 once every two months. Howard's *in forma pauperis* data sheet shows that for the six months preceding the date of issuance, Howard had received deposits in five of them, in the amounts of $65.00, $45.00, $40.00, $10.00, and $40.00.

On August 2, 2012, Howard filed a "declaration in support of motion to proceed *in forma pauperis*." He did not furnish another *in forma pauperis* data sheet. In the declaration, Howard says that he only receives assistance from his elderly aunt once every two or three months, in the amount

1

of $20.00, or from his mother "which is the same." However, Howard's *in forma pauperis* data sheet showed the receipt of $200.00 over the preceding six-month period, with deposits in five out of six months. Because Howard failed to show that he lacked the financial resources to pay an initial partial filing fee of $6.66, the Magistrate Judge issued a Report on August 8, 2012, recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

Howard filed objections to the Magistrate Judge's Report on August 23, 2012. In his objections, Howard asserts that he is handicapped and suffers from "emotional distress," and says that dismissal of his case will simply allow the defendants to continue to "maliciously and sadistically abuse [their] authority." He does not mention the Court's order to pay the initial partial filing fee or his failure to comply with this order.

On September 6, 2012, Howard filed another motion for leave to proceed *in forma pauperis*, together with an inmate trust account data sheet. This data sheet, which is dated August 24, 2012, shows that Howard received a $20.00 deposit in July of 2012, providing him with ample resources to pay the filing fee which had been assessed in April. Howard does not explain why he did not do so. As the Seventh Circuit has explained, if the plaintiff does not believe that his litigation is worthy of any costs involved which he may be able to assume, "he has demonstrated an implied evaluation of the lawsuit that the district court is entitled to honor." Lumbert v. Illinois Department of Corrections, 827 F.2d 257, 260 (7th Cir. 1987). Howard's objections, which do not advert to the basis of dismissal recommended by the Magistrate Judge, are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, together with the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections filed by the Plaintiff are without merit. Because Howard did not object to the Magistrate Judge's proposed findings and conclusions concerning his failure to pay to the initial partial filing fee and consequent failure to prosecute his case, he is barred from *de novo* review by

the district judge of these findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 23) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **3** day of **January, 2013.**

_____
Ron Clark, United States District Judge